Main Document    Page 1 of 19

Joseph D. Huser (SBN 246513)
424 S Broadway, # 902
Los Angeles, CA 90013
Tel: (213) 271-1520
Fax: (213) 271-1520

Attorney for Creditor,
Paulo Figueiredo

**FILED**
**MAY 23 2011**
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: <br> MIGUEL MERE <br>                                  Debtor. | **Chapter 7** <br> **CASE NO. 2:10-bk-24781-ER** <br> **ADV. NO.** |
| PAULO FIGUEIREDO <br>                                  Plaintiff, <br> vs. <br> MIGUEL MERE <br>                                  Defendant. | COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT <br> (11 U.S.C. Section 523(a)(2)(A)) <br> **Date:** <br> **Time:**        (To be set) <br> **Place:** |

TO THE DEBTOR AND HIS ATTORNEY OF RECORD:

Plaintiff PAULO FIGUEIREDO ("FIGUEIREDO" or "Plaintiff") by and through his counsel of record, Joseph D. Huser, alleges as follows:

1

I.

## FIRST CLAIM FOR RELIEF

(Non-dischargeability of Debt Pursuant to 11 U.S.C. Section 523(a)(2)(A))

1. On April 16, 2010, Miguel Mere ("MERE" or "Defendant"), the Defendant herein, filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code. Timothy Yoo is the duly appointed and acting Chapter 7 Trustee for the Estate of Miguel Mere.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 and 11 U.S.C. §523. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(I).

3. At all times herein mentioned, Plaintiff, Paulo Figueiredo was and has been a resident of Los Angeles, California for over thirty years.

4. The meeting of the creditors is pending, and the last date for filing objections to the discharge of the Defendant has not been set.

5. Defendant MERE and Plaintiff are long time friends and acquaintances who have known one another for more than twenty years.

6. Defendant MERE was at relevant times working as a mortgage broker working for Metrocities Mortgage.

7. Throughout the last fifteen years, Defendant MERE was acting as Plaintiff's mortgage broker for Plaintiff when Plaintiff refinanced his properties.

8. In or about November of 2007 Plaintiff asked Defendant MERE to refinance his home in order to borrow $100,000 in equity which Plaintiff intended to use to pay off certain credit card debt.

9. Plaintiff had in the past refinanced one of his properties for $100,000 in order to pay down other debts.

10. Defendant MERE prodded Plaintiff to apply for refinancing for $200,000 instead of the $100,000 that was requested by Plaintiff in November of 2007.

11. At the same time that Defendant was arranging the refinancing of Plaintiff's property, pursuant to Plaintiff's request, Defendant approached Plaintiff for a loan of approximately $700,000.00. Defendant promised the Plaintiff that it would be a short-term loan.

2

12. Plaintiff is informed and believes and thereon alleges that Defendant MERE used his position as Plaintiff's mortgage broker to exhort Plaintiff to increase the refinanced amount to $200,000 in order to borrow all $200,000 from Plaintiff.

13. Plaintiff obtained an additional line of credit in order to loan a total of $700,000 to Defendant.

14. At no time herein mentioned, did Plaintiff ever seek to profit from his friend, the Defendant. The Plaintiff and Defendant verbally agreed that the Defendant would make payments on the two lines of credit *in the same amounts being required by Plaintiff's banks*.

15. The Defendant made regular monthly payments on each of the lines of credit throughout 2008.

16. Even though the Defendant made regular payments, it became apparent to the Plaintiff that the Defendant's insistence that this would be a short term loan was misleading. On July 21, 2009, the Plaintiff and the Defendant entered into a written promissory note which memorialized their earlier understanding that the Defendant would make payments on the two lines of credit *in the same amounts being required by Plaintiff's banks*. A true and correct copy of the July 21, 2009 Promissory Note is attached hereto as Exhibit "1" and is incorporated by reference herein.

17. On or around October of 2009, the Defendant stopped making payments on the lines of credit and Plaintiff was forced to make payments.

18. Plaintiff considered legal action to force repayment of the loans, but the Defendant promised to provide security for the loans.

19. In or about December of 2009, Defendant assigned a 99% interest of two deeds of trust in order to secure the Note. A true and correct copy of the December 17, 2009 assignment of the 3011 Ocean Front Walk Property is attached hereto as Exhibit "2" and is incorporated by reference herein. A true and correct copy of the December 17, 2009 assignment of the 8954 St. Ives Drive Property is attached hereto as Exhibit "3" and is incorporated by reference herein.

20. The promise that the Note would be fully secured by the assigned deeds of trust was false, as Defendant assigned a Third Trust Deed and Fifth Trust Deed, both of which were valued at far less than the $685, 208.40 owed by Defendant to Plaintiff on the Note.

3

21. Plaintiff is informed and believes that the properties secured by the respective deeds of trust are "underwater" and that Defendant knew he was assigning the Plaintiff virtually meaningless deeds of trust.

22. A third deed of trust on property in Florida had been promised, but the Plaintiff was told that a lawyer was "still investigating Florida law."

23. Plaintiff is informed and believes that the Defendant intentionally deceived the Plaintiff by providing the aforementioned deeds of trust as false assurances to obtain Plaintiff's acquiescence until Defendant could file for bankruptcy and protect the Florida property.

24. Defendant knew that the promise was false, and intended that Plaintiff act on that false promise by relaxing his demands that Defendant secure the Note.

25. Plaintiff had the right to rely on the promise, and was subsequently damaged by being unable to foreclose on either deed of trust as Defendant only assigned a 99% interest of virtually worthless deeds of trust.

26. Plaintiff has been damaged by Defendant's false promise because the Note was not fully secured as promised by Defendant. Plaintiff has been damaged in the amount of at least of $756,208.40 plus costs, attorneys fees and interest or in an amount according to proof.

27. Pursuant to 11 U.S.C. Section 523(a)(2)(A), the debt incurred by Defendants to Plaintiff is non-dischargeable.

II.

SECOND CLAIM FOR RELIEF

(Non-dischargeability of Debt Pursuant to 11 U.S.C. Section 523(a)(4))

28. Plaintiff realleges, and incorporates herein by reference, each and every fact pled in paragraphs 1 through 27, inclusive, of this Complaint.

29. As Plaintiff's mortgage broker Defendant owed a fiduciary duty to Plaintiff.

30. In or about November 2007, Plaintiff requested that Defendant prepare an application to refinance Plaintiff's residence in order to borrow $100,000.00 in equity in order to pay off certain credit card debt.

4

31. Plaintiff is informed and believes and thereon alleges that Defendant abused his position as Plaintiff's mortgage broker by pressuring the Plaintiff to fill out an application to borrow $200,000.

32. Plaintiff alleges that the $200,000 amount that was disbursed to escrow from the refinancing of Plaintiff's property was diverted by Defendant and not used to pay off Plaintiff's credit card debt as instructed by Plaintiff.

33. Instead of following Plaintiff's instructions with regards to the refinancing amount and the subsequent disbursement, Defendant used his position as Plaintiff's friend and mortgage broker to pressure Plaintiff to borrow and subsequently loan Defendant a total of $700,000.

34. Defendant breached his fiduciary duty to Plaintiff by obtaining more than double the financing requested by Plaintiff, $200,000 instead of $100,000, and by convincing Plaintiff to delay payment of his credit card debt, knowing that Defendant intended to borrow the full amount.

35. As a result of Defendant's breach of his fiduciary duty, Plaintiff has been damaged in the amount of $756,208.40 (the loan amount plus payments made by Plaintiff to the lines of credit).

36. Pursuant to 11 U.S.C. Section 523(a)(4), the debt incurred by Defendants to Plaintiff is non-dischargeable.

## III.

## PRAYER

WHEREFORE, Plaintiff requests of this court as follows:

1. For a determination of non-dischargeability of debt pursuant to 11 U.S.C. Section 523(a)(2)(A);

2. For a determination of non-dischargeability of debt pursuant to 11 U.S.C. Section 523(a)(4);

3. For judgment in the principal amount of $756,208.40, and interest or an amount according to proof.

4. For reasonable attorneys fees; and

5. For such other and further relief as the Court may deem just and proper.

Date: May 23, 2011

By: _____
Joseph D. Huser
Attorney for Plaintiff,
PAULO FIGUEIREDO

EXHIBIT 1

**PROMISSORY NOTE**

$ 685,208.40

July 21, 2009

FOR VALUE RECEIVED, the undersigned, MIKE MERE ("Promissor") does hereby agree to pay to the order of PAULO FIGUEIREDO ("Promisee"), the sum of $685,208.40 together with interest upon the unpaid principal as set forth below, with reference to the following facts:

WHEREAS, Promisee made available to Promissor two credit lines, (i) a second trust deed line of credit on Promissee's home with Chase Bank (account no. 00447050007523) in the initial amount of $200,000, but with a current balance as of June 24, 2009 of $192,423.00, and (ii) a credit line with Malaga Bank (account no. 0230060000) in the initial amount of $500,000, but with a current balance as of July 1, 2009 of $492,785.40 (collectively the "Credit Lines"), with the understanding that Promisee would make all required payments on the Credit Lines, including the interest charged on them by the lenders, and Promisee has been making payments on these lines directly to the lenders, leaving the indicated balances due;

WHEREAS, Promisor is entering into this Promissory Note to evidence his obligation to repay the Credit Lines;

NOW, THEREFORE, Promisor hereby (i) agrees to continue making all payments due under the Credit Lines on a timely basis (ii) to guarantee repayment of the Credit Lines, and (iii) to repay the Credit Lines in full on or before 7/21/2010.

Promisor may discharge the obligations undertaken hereby at any time, by repaying the outstanding principal balance together with accrued interest, without penalty. The undersigned may, without penalty, make a partial prepayment of principal and/or interest in any amount, at any time. Default on the payment of any installment hereof when the same is due shall, at the option of Promisee, without previous demand or notice, render the entire unpaid balance hereof, both principal and interest, forthwith due and payable.

The undersigned shall pay all costs of collection when incurred including reasonable attorney's fees and expenses. Principal and interest shall be payable in lawful money of the United States.

MIKE MERE

Pg 6 Please note there is around a $1000 less
on the Chase
② See out of Loan on Malaga

Receipt
7/21/09

EXHIBIT 2

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

Charles A. Larson
Larson & Bawden LLP
9100 Wilshire Blvd., Suite 300 East
Beverly Hills, CA 90212

12/18/2009

*20091932930*

# ASSIGNMENT OF DEED OF TRUST

FOR A VALUE RECEIVED, the undersigned, MIKE MERE, a single man, hereby GRANTS, ASSIGNS, and TRANSFERS to PAULO FIGUEIREDO, an undivided 99% interest in that certain Short Form Deed of Trust and Assignment of Rents dated April 25, 2008, executed by Douglas J. Reed, Trustor, to Fidelity National Title Company, an Arizona corporation, Trustee, and recorded as Instrument No. 20080777754 on May 2, 2008 in the Official Records of the County Recorder's Office in Los Angeles County, State of California, describing land therein as:

LOT 4 IN BLOCK 24 OF THE SHORT LINE BEACH SUBDIVISION NO. 3, AS PER MAP RECORDED IN BOOK 5, PAGE 116 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY. (APN NO. 4226-023-004)

Commonly known as 3011 Ocean Front Walk, Venice, CA 90291

**TOGETHER** with an undivided 99% interest in the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Short Form Deed of Trust and Assignment of Rents.

DATED: _December 17_, 2009

_____
MIKE MERE

State of California        )
                           ) ss.
County of Los Angeles      )

On _December 17_, 2009, before me, _David Bawden_____, a notary public in and for said County and State, personally appeared MIKE MERE, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

DAVID BAWDEN
COMM. #1871457
Notary Public - California
Los Angeles County
My Comm. Expires Dec. 13, 2013

Signature: _____
(Seal)

8

**This page is part of your document - DO NOT DISCARD**

## 20091932930




Pages:
0002

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/18/09 AT 09:04AM**

| | |
|---|---:|
| FEES: | 12.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 12.00 |



LEADSHEET



2009121800010022

00001665097



002451405

SEQ:
06

DAR - Counter (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

E469077

9

# EXHIBIT "A"

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

**PARCEL 1:**

THAT PORTION OF THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 7, TOWNSHIP 1 SOUTH, RANGE 14 WEST, SAN BERNARDINO BASE AND MERIDIAN, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF LOT 2, OF TRACT NO. 11557, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 209 PAGE 9, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; THENCE EASTERLY ALONG THE SOUTHERLY LINE OF SAID LOT 2, A DISTANCE OF 64.04 FEET, MORE OR LESS, TO THE SOUTHEAST CORNER OF SAID LOT 2, SAID SOUTHEAST CORNER BEING IN THE WESTERLY LINE OF SHERMAN HEIGHTS TRACT, AS PER MAP RECORDED IN BOOK 12 PAGE 126 OF SAID MAP RECORDS; THENCE SOUTHERLY 90 FEET, MORE OR LESS, ALONG THE WESTERLY LINE OF SAID SHERMAN HEIGHTS TRACT, TO THE NORTHERLY LINE OF TRACT NO. 11741, AS PER MAP RECORDED IN BOOK 222 PAGES 6 AND 7 OF SAID MAP RECORDS; THENCE WESTERLY ALONG THE NORTHERLY LINE OF SAID TRACT NO. 11741, A DISTANCE OF 16.45 FEET, MORE OR LESS TO THE MOST NORTHERLY NORTHWEST CORNER OF SAID TRACT NO. 11741; THENCE WESTERLY ALONG THE MOST NORTHERLY LINE OF THAT CERTAIN EASEMENT FOR ALLEY PURPOSES, AS DESCRIBED IN DEED TO THE CITY OF LOS ANGELES RECORDED IN BOOK 10822 PAGE 138, OF OFFICIAL RECORDS, A DISTANCE OF 48 FEET, MORE OR LESS, TO THE WESTERLY LINE OF SAID SOUTHEAST QUARTER OF SECTION 7; THENCE NORTHERLY ALONG SAID WESTERLY LINE 90 FEET, MORE OR LESS, TO THE POINT OF BEGINNING.

**PARCEL 2:**

AN EASEMENT OVER THE SOUTH 5 FEET OF THE SOUTH 69.73 FEET OF LOT 20, OF TRACT NO. 5365, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 62 PAGE 5, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY OF UNDERGROUND SANITARY SEWER PURPOSES, TOGETHER WITH THE RIGHT TO INSTALL AND MAINTAIN A SEWER LINE FOR THE BENEFIT OF PARCEL 1 OF THIS LEGAL DESCRIPTION, TO RUN FROM THE EASTERLY LINE OF SAID LOT 20 TO THE EASTERLY LINE OF WETHERLY DRIVE, AS GRANTED TO HERMAN R. SHCMIDLAPP AND BETTY SCHMIDLAPP, HUSBAND AND WIFE, BY DEED RECORDED APRIL 25, 1961 AS INSTRUMENT NO. 5265, OF OFFICIAL RECORDS.

**PARCEL 3:**

LOT 2 OF TRACT NO. 11557, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 209 PAGE 9, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN Nos. 5560-026-018, 5560-026-019

EXHIBIT 3

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

Charles A. Larson
Larson & Bawden LLP
9100 Wilshire Blvd., Suite 300 East
Beverly Hills, CA 90212

12/18/2009

*20091932929*

## ASSIGNMENT OF DEED OF TRUST

FOR A VALUE RECEIVED, the undersigned, MIKE MERE, a single man, hereby GRANTS, ASSIGNS, and TRANSFERS to PAULO FIGUEIREDO, an undivided 99% interest in that certain Short Form Deed of Trust and Assignment of Rents dated April 25, 2008, executed by Douglas J. Reed, Trustor, to Fidelity National Title Company, an Arizona corporation, Trustee, and recorded as Instrument No. 20080777753 on May 2, 2008 in the Official Records of the County Recorder's Office in Los Angeles County, State of California, describing land therein as:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A"

Commonly known as 8954 St. Ives Drive, Los Angeles, CA 90069

**TOGETHER** with an undivided 99% interest in the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Short Form Deed of Trust and Assignment of Rents.

DATED: December 17, 2009

_____
MIKE MERE

State of California        )
                           ) ss.
County of Los Angeles      )

On December 17, 2009, before me, David Bawden, a notary public in and for said County and State, personally appeared MIKE MERE, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____

DAVID BAWDEN
COMM. #1871457
Notary Public - California
Los Angeles County
My Comm. Expires Dec. 13, 2013

(Seal)

11

This page is part of your document - DO NOT DISCARD

**20091932929**




Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/18/09 AT 09:04AM**

Pages: 0003

| | |
|---|---:|
| FEES: | 15.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 15.00 |



LEADSHEET



200912180010022

00001665096

002451405

SEQ:
05

DAR - Counter (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Joseph D. Huser, Esq.
424 S. Broadway, Suite 902
Los Angeles, CA 90013

A true and correct copy of the foregoing document described as COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On *Fill in Date Document is Filed*, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On *May 23, 2011,* I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Mr. Henry Glowa, Debtor Attorney
8075 W. Third Street, Suite 404
Los Angeles, CA 90048

Mr. Timothy Yoo, Trustee
Levene Neale Bender Yoo & Brill LLP
800 South Figueroa Street, Suite 1260
Los Angeles, CA 90017

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *May 23, 2011,* I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

The Honorable Ernest M. Robles

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 23, 2011 | Joseph D. Huser, Esq. | /s/ Joseph D. Huser |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                    F 9013-3.1.PROOF.SERVICE

FORM B104 (08/07)                                                                  2007 USBC, Central District of California

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS**
PAULO FIGUEIREDO

**DEFENDANTS**
MIGUEL MERE

**RECEIVED**
**MAY 23 2011**
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
JOSEPH D. HUSER (CA SBN 245137) 246513
424 S Broadway Unit 902, Los Angeles, CA 90013
Tel: (213) 271-152  Fax: (213) 271-152

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor    ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor    ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Adversary proceeding for Fraud 11 U.S.C. 523(a)(2)(A) and Breach of Fiduciary Duty 11 U.S.C. 523 (a)(4)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ [1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ [2] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

(continued next column)

☐ Check if this case involves a substantive issue of state law
☐ Check if this is asserted to be a class action under FRCP 23
☒ Check if a jury trial is demanded in complaint
Demand $ 756,208.40

**Other Relief Sought**
Attorneys fees.

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| **NAME OF DEBTOR** <br> MIGUEL MERE | **BANKRUPTCY CASE NO.** <br> 2:10-bk-24781 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| CENTRAL | LOS ANGELES | Ernest M. Robles |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| **DATE** <br> 5/23/11 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> JOSEPH D. HUSER |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Joseph D Huser (SBN 246513)<br>424 S. Broadway, Suite 702<br>Los Angeles, CA 90013<br>213-271-1520 p    213-271-1520 f<br>*Attorney for Plaintiff* | **RECEIVED**<br>MAY 23 2011<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re:

Miguel Mere

Debtor.

Paulo Figueiredo

Plaintiff(s),

vs.

Miguel Mere

Defendant(s).

CHAPTER 7

CASE NUMBER 2:10-bk-24781-ER

ADVERSARY NUMBER

*(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*

**SUMMONS AND NOTICE OF STATUS CONFERENCE**

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

**Hearing Date:**        **Time:**        **Courtroom:**        **Floor:**

☐ 255 East Temple Street, Los Angeles        ☐ 411 West Fourth Street, Santa Ana

☐ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara

☐ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*                **F 7004-1**